UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

NATIONWIDE PROPERTY & CASUALTY
INSURANCE COMPANY
One Nationwide Plaza
Columbus, Ohio 43215
a/s/o Maritza and Chris Bagnall
91 Mast Road
Lee, New Hampshire, 03861

      Plaintiff,

v.

BROAN-NUTONE, LLC
926 W. State Street
Hartford, Wisconsin 53017

and

JAKEL MOTORS INCORPORATED
a/k/a JAKEL INCORPORATED
201 South Madison Avenue
Aurora, Missouri 65605

      Defendants

CIVIL ACTION NO.:
JURY TRIAL DEMANDED

## COMPLAINT

*Overview*

Plaintiff, Nationwide Property & Casualty Insurance Company alleges and says that prior to December 31, 2018, defendant Broan-Nutone ("Broan") manufactured and sold in interstate commerce a defective bathroom ventilation exhaust fan and defendant Jakel Motors Incorporated ("Jakel") manufactured and sold a defective electric motor component part which was integrated into the Broan bathroom ventilation exhaust fan. The fan caused a fire at the Bagnall home resulting in loss and damage to real and personal property. This action seeks recovery for the damages the defective fan and motor caused.

## THE PARTIES

1. Plaintiff, Nationwide Property & Casualty Insurance Company a/s/o Maritza and Chris Bagnall ("Nationwide") is an Ohio corporation with its principal place of business located at One West Nationwide Plaza, Columbus, Ohio and was, at all times material hereto, an insurance company doing business in the State of New Hampshire.

2. At all times material hereto Nationwide was in the insurance business and provided its property insurance policy number 5128HO374850 to Maritza and Chris Bagnall for their property located at 91 Mast Road, Lee, New Hampshire ("Subject Property").

3. On December 31, 2018 a fire occurred at the Subject Property causing damage. As a result of the fire the Bagnalls made a claim on their Nationwide property insurance policy which Nationwide paid. As a result, and to the extent of their payment to the Bagnalls, Nationwide is subrogated to the rights of the Bagnalls by contract and law.

4. Defendant Broan-Nutone, LLC ("Broan") is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business located at 926 W. State St., Hartford, Wisconsin and, upon information and belief, did business in the state of New Hampshire and was at all times material hereto in the business of, *inter alia,* designing, manufacturing assembling, inspecting, marketing, distributing, and selling consumer products including bathroom ventilation exhaust fans.

5. Defendant Jakel Motors Incorporated a/k/a Jakel Incorporated ("Jakel") is a corporation organized and existing under the laws of the state of Wisconsin and was at all times material hereto engaged in the business of designing, manufacturing, assembling, inspecting, marketing, distributing, and selling electric motors used in the manufacture of the Broan bathroom light/ventilation exhaust fan which was installed at the Subject Property.

## JURISDICTION AND VENUE

6. This action is commenced pursuant to 28 U.S.C. § 1332, as the parties are citizens of diverse jurisdictions and the amount in controversy, exclusive of interests and costs, is in excess of Seventy-Five Thousand dollars ($75,000.00).

7. Upon information and belief none of the defendants or their members are citizens of the states of Ohio or New Hampshire.

8. Venue in this action lies in this District pursuant to 28 U.S.C. § 1391, as the loss occurred in this District and the defendants are subject to personal jurisdiction within this District.

## FACTS

9. At all times material hereto Maritza and Chris Bagnall owned the Subject Property.

10. Prior to December 31, 2018 Broan designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and placed into the stream of commerce consumer products including bathroom ventilation exhaust fans.

11. Prior to December 31, 2018 a Broan model 763RLN bathroom ventilation exhaust fan (the "Fan") was installed in the second floor bathroom of the Subject Property.

12. Integrated into and an essential part of the Fan was a Jakel electric fan motor model number J238-050-5354S (the "Motor"). Jakel designed, inspected, tested, manufactured, distributed, marketed, and sold the defective Motor.

13. Prior to December 31, 2018 the Bagnall family operated the Fan for its intended purpose without incident

14. On or about December 31, 2018 a fire started in the second floor bathroom (the "Fire") of the Subject Property and fire, smoke, soot, and water spread to and damaged other portions of the Subject Property.

LEGAL\45545399\1

15. The December 31, 2018 Fire originated in and was caused by the Fan manufactured, distributed, and sold by defendant Broan.

16. Broan and Jakel placed the Fan into the stream of commerce in an unreasonably dangerous and defective condition which caused and contributed to the Fire at the Subject Property.

17. Broan and Jakel designed, manufactured, assembled, tested, inspected, distributed, and sold the defective Fan and Motor. Upon information and belief, the fan and fan's motor were defective in that it was, *inter alia,* equipped with a defectively designed and manufactured thermal cut off (TCO). The TCO failed to operate properly allowing the fire to ignite. The motor's electrical windings were also defective and failed. The motor was an integral part of the fan and both were defectively designed and manufactured.

18. As a direct and proximate result of the Fire, the Bagnalls sustained damage to their real and personal property in an amount in excess of $700,000.00.

19. As a direct and proximate result of the Fire the Bagnalls made a claim on their Nationwide property insurance policy and Nationwide paid the Bagnalls in excess of $700,000.00.

20. The damage suffered by the Bagnalls was the direct and proximate result of the failure of the defective Broan and Jakel products.

21. To the extent of their payments to the Bagnalls, Nationwide is subrogated by contract and law to the rights of the Bagnalls.

## COUNT I
## NEGLIGENCE VS. BROAN AND JAKEL

22. Plaintiff repeats and incorporates by reference all paragraphs of the complaint as though each were fully set forth at length herein.

23. Broan and Jakel designed, manufactured, assembled, tested, inspected, distributed, and sold the defective Fan and Motor.

24. Broan and Jakel owed a duty of reasonable care to the Bagnalls to design, manufacture, assemble, inspect, test, sell, and distribute products (the Fan and Motor) which were safe for their intended purpose.

25. Broan and Jakel breached their duty of reasonable care.

26. The Fire and damage to the Subject Property was the direct and proximate result of the joint and several negligence, gross negligence, and carelessness of Broan and Jakel in failing to:

    (a)    place into the stream of commerce and market a safe and properly functioning defect free Fan and Motor,

    (b)    test, inspect and ensure that the Fan and Motor were in a safe and merchantable condition before they were placed into the stream of commerce,

    (c)    insure that the Fan and Motor were safe and fit for their intended purpose and foreseeable use,

    (d)    to warn, notify and advise the Bagnalls that the Fan and Motor were not safe for their intended use and purpose and were unreasonably dangerous,

    (e)    to hire, train and supervise competent employees, contractors and component suppliers to design, build, inspect, test, market, sell, distribute, and place into the stream of commerce a Fan and Motor safe for their intended purpose and foreseeable use,

    (f)    properly design, manufacture, inspect, test, market, sell and distribute the Fan and Motor to insure that they were safe for their intended purpose and foreseeable uses prior to introducing them into the stream of commerce,

    (g)    take reasonable, adequate precautions to avoid exposing the Bagnalls to an unreasonable risk of harm,

    (h)    insure that the Fan's component parts were safe for their intended and foreseeable uses,

    (i)    to provide adequate warnings and/or instructions.

WHEREFORE, Plaintiff, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY demands judgment against BROAN NUTONE, LLC and JAKEL MOTORS INCORPORATED jointly and severally for compensatory damages in an amount in excess of $700,000 the precise amount to be disclosed during discovery and proven at trial together with prejudgment interest and the costs of prosecuting this action.

## COUNT II
## STRICT LIABILITY VS. BROAN and JAKEL

27. Plaintiff repeats and incorporates by reference all paragraphs of the complaint as though each were fully set forth at length herein.

28. In the ordinary course of their businesses, Broan and Jakel were engaged in, *inter alia,* designing, testing, inspecting, assembling, manufacturing, selling, and distributing into the stream of commerce, respectively Broan's Fan and Jakel's Motor.

29. Defendants' design and manufacture of the Fan and Motor created a defective condition that was unreasonably dangerous.

30. Defendants failed to warn the Bagnalls that the Fan and Motor were defective and unreasonably dangerous.

31. The unreasonably defective and dangerous conditions existed when the Fan and Motor left the defendants' control.

32. The Fan and Motor reached the plaintiff without substantial change in the defective and unreasonably dangerous condition that they left the manufacturers in.

33. The Fan and Motor's unreasonably dangerous condition caused substantial damage to the Subject Property.

34. Upon information and belief neither the Fan nor the Motor was modified, changed altered or abused by the Bagnalls or other users at the Subject Property prior to the Fire.

35. Broan and Jakel knew or had reason to know that their products would be used by members of the general public and knew or should have known of the uses, purposes, and requirements for which the products would be utilized.

WHEREFORE, Plaintiff, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY demands judgment against BROAN NUTONE, LLC and JAKEL MOTORS INCORPORATED jointly and severally for compensatory damages in an amount in excess of $700,000 the precise amount to be disclosed during discovery and proven at trial together with prejudgment interest and the costs of prosecuting this action.

## COUNT III
## BREACH OF IMPLIED WARRANTIES VS BROAN AND JAKEL

36. Plaintiff repeats and incorporates by reference all paragraphs of the complaint as though each were fully set forth at length herein.

37. The Defendants impliedly warranted that the Fan and Motor were merchantable and fit for their intended purposes.

38. Defendants breached their implied warranties of merchantability and fitness for an intended purpose by placing defective, unreasonably dangerous products, the Fan and Motor, into the stream of commerce.

39. The Bagnalls used the Fan and Motor as intended by the manufacturers.

40. The Bagnalls' damages and the Fire at the Subject Property were the direct and proximate result of the defendants' breach of their implied warranties of merchantability and fitness for an intended purpose.

WHEREFORE, Plaintiff, NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY demands judgment against BROAN NUTONE, LLC and JAKEL MOTORS INCORPORATED jointly and severally for compensatory damages in an amount in excess of

$700,000 the precise amount to be disclosed during discovery and proven at trial together with prejudgment interest and the costs of prosecuting this action.

## JURY TRIAL DEMAND

41. Plaintiff requests and demands a trial by jury as to all Counts.

Respectfully Submitted,

NATIONWIDE PROPERTY & CASUALTY COMPANY

By its attorneys,

SHERMAN LAW, PLLC

Date: 04/08/2020

*/s/ John P. Sherman*
Bar No. 12536
Sherman Law, PLLC
111 Bow Street, Unit 2
Portsmouth, NH  03801
(603) 570-4837
jsherman@johnshermanlaw.com

COZEN O'CONNOR

*/s/ Peter G. Rossi*
Peter G. Rossi
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
215-665-2783
prossi@cozen.com
*Pro Hac Vice Admission to be Submitted*